**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **DIANA PACHECO PACHECO** <br> Plaintiff, <br><br> **v.** <br><br> **SUPERINTENDENT PEDRO TOLEDO,** <br> **PPR LT BENJAMIN RODRIGUEZ,** <br> **PPR LT HECTOR AGOSTO RODRIGUEZ** <br> **PPR CMDT JORGE L. VELAZQUEZ** <br> **ALMODOVAR,** <br> **PPR SGT ABEL PEREZ OLIVERAS,** <br> **PPR SGT ANTONIO RODRIGUEZ** <br> **CARABALLO,** <br> **PPR SGT NELSON VEGA,** <br> **PPR OFF ANGEL L. TORRES QUIÑONES,** <br> **PPR OFF MARCIAL RIOS CRUZ,** <br> **PPR OFF JIMMY RODRIGUEZ VEGA,** <br> **PPR OFF ERICK RIVERA NAZARIO, all in** <br> **their individual capacities.** <br><br> Defendants | **CIVIL NO.:  09-2121** <br><br><br> **PLAINTIFFS DEMAND TRIAL** <br><br> **BY JURY** |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW,** the plaintiff, Diana Pacheco Pacheco though the undersigned attorney, and very respectfully states, alleges, and prays, as follows:

**PRELIMINARY STATEMENT**

1.      This is a civil action seeking monitary damages against the Puerto Rico Police (PPR) Commissioner, Pedro Toledo Davila, PPR LT Benjamin Rodriguez, PPR LT Hector Agosto Rodriguez, PPR CMDT Jorge L. Velazquez Almodovar, PPR SGT Abel Perez Oliveras, PPR SGT Antonio Rodriguez Caraballo, PPR SGT Nelson Vega, PPR Officer Angel L. Torres Quinones, PPR Officer Marcial Rios Cruz, PPR Officer

Jimmy Rodriguez Vega, and PPR Officer Erick Rivera Nazario who are police officers of the Puerto Rico Police Department for committing acts, under color of law, which deprived Jose Luis Irizarry Perez of rights secured under the Constitution and laws of the United States; for conspiring to cause such deprivation and for the purpose of impeding and hindering the due course of justice, with intent to deny Jose Luis Irizarry Perez the protection of the Constitution and Laws; and for refusing or neglecting to prevent such deprivations and denials.

2.    Plaintiff alleges that Defendant PPR Officer Angel L. Torres Quinones, PPR Officer Marcial Rios Cruz, PPR Officer Jimmy Rodriguez Vega, and PPR Officer Erick Rivera Nazario (collectively referred to as the "officers"), acting alone and together and in concert unlawfully assaulted and caused the death of Jose Luis Irizarry Perez, and/or each of them failed to prevent the unlawful acts of others, in violation of his rights. Plaintiffs allege that Puerto Rico Police (PRP) Commissioner, Pedro Toledo Davila, PRP LT Benjamin Rodriguez, PRP LT Hector Agosto Rodriguez, PRP CMDT Jorge L. Velazquez Almodovar, PRP SGT Abel Perez Oliveras, PRP SGT Antonio Rodriguez Caraballo, PRP SGT Nelson Vega (collectively known as the "supervisors") are liable for Plaintiffs' damages because they failed, on a continuing basis, to train, instruct, supervise, control and discipline the officers under their command, including the defendants, and said failure was a result of official policy or the custom and practice of the Puerto Rico Police Department and that said conduct caused the deprivation of Jose Luis Irizarry Perez' rights secured by the Constitution, the laws of the United States, and the laws of the Commonwealth of Puerto Rico. This action is brought pursuant to 42 U.S.C. § 1983 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the U.S.

Constitution and Article II, §§ 7, 9, 10, 11& 19 of the Constitution of the Commonwealth of Puerto Rico.

## JURISDICTION

3.     The Court has jurisdiction under 28 U.S.C. §1343 and 28 U.S.C. §1331 inasmuch as the instant cause of action arises under 42 U.S.C. §1983. Venue lies on this district because the instant claims arose in the district of Puerto Rico. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over all claims asserted herein sounding in state law as they arise out of the same nucleus of operative facts.

## PARTIES

4.     Plaintiff Diana Pacheco Pacheco had a committed sentimental relationship with the decedent Jose Luis Irizarry Perez. She was pregnant eight months pregnant with his child at the time of his death, and has since given birth to his son. She is of legal age, a resident of Yauco, Puerto Rico and a citizen of the United States of America.

5.     At all times referred to herein, the officers are, upon information and belief, police officers belonging to the PPR, acting in such capacity as agents, servants and employees of the Commonwealth of Puerto Rico, under the direction and control of its superintendent and supervisors. They are sued in their individual capacities.

6.     At all times referred to herein, the supervisors were, upon information and belief, supervisors at the Puerto Rico Police Department and supervised the defendant police officers, acting in such capacity as agents, servants and employees of the Commonwealth of Puerto Rico, under the direction and control of the Commonwealth of Puerto Rico. They were responsible for the training, supervision, discipline and conduct of defendants as more fully set herein. They were also responsible for enforcing the

regulations of their respective police corps and for ensuring that the police officers obey

the laws of the Commonwealth of Puerto Rico and the United States of America. At all

times referred to herein, said defendants were acting pursuant to the official policy or the

custom and practice of the Commonwealth of Puerto Rico. They were the policymakers

for the Commonwealth of Puerto Rico in all matters that are alleged herein. In the

alternative, they participated in the promulgation of policy for the Commonwealth of

Puerto Rico and were directly responsible for its implementation. They are sued in their

individual capacities.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.     On the 4th of November, 2008, a group of people gathered in front of

Urbanization Colinas in Yauco, Puerto Rico to celebrate the victory of the New

Progressive Party in the elections. Officers from the Puerto Rico Police Department were

called to the scene by a neighbor complaining about the noise emitting from the

celebration. During the officers' intervention, they set upon Jose Luis Irizarry Perez. PPR

Officer Angel L. Torres Quiñones assaulted and battered Mr. Irizarry Perez' body using a

nightstick. During said beating, Jose Luis Irizarry Perez suffered multiple injuries to the

head, face, and thorax, in addition to abrasions to the head, wrists, and hands. He was

brought to Hospital Metropolitano, also in Yauco, where he was pronounced dead. The

cause of his death has been identified as homicide due to thoracic trauma.

8.     The other defendant officers joined in the events by either participating in

or by standing by and observing while Jose Luis Irizarry Perez was assaulted.

9.     All of the officers at the scene, including the defendants, joined in the

cover up and concealment of the events by adhering to the code of silence that exists

within the PPR. The code of silence is an unwritten but pervasive custom and practice of the police corps whereby officers fail to report, on their own volition, the abusive conduct of other officers, such as that aforedescribed, and if asked about the incident, they lie about what occurred.

Plaintiff had to be hospitalized since the brutal death of her beloved companion and the father of her unborn child provoked an emergency health condition that put the life and health of both the young pregnant mother and her unborn son in danger.

Weapons and second degree murder charges have been filed against PPR Officer Angel L. Torres Quinones for violations relating to this incident.

## CAUSES OF ACTION

## COUNT I

## USE OF EXCESSIVE FORCE AND WRONGFUL DEATH IN VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

For the cause of action against the officers, in Count I, Plaintiff states:

10.     By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs one through nine of this Complaint as though fully set forth herein.

11.     Acting under color of state law, alone and/or together, the officers murdered Jose Luis Irizarry Perez without cause, provocation or warning.

12.     As a direct and proximate result of the aforedescribed unlawful and malicious physical abuse of Jose Luis Irizarry Perez by the officers, Jose Luis Irizarry Perez suffered grievous bodily and mental harm, and was deprived of his right to be free from unreasonable seizures of his persons, to be free from the taking of his life and

liberty without due process of law and the excessive use of force, in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

13.     The senseless death of Jose Luis Irizarry Perez at the hands of law enforcement officers caused deep anguish and emotional distress on the plaintiff. Not only had she lost the love and affection of her beloved companion, but she had also lost the father of her unborn son. Additionally, the Plaintiff has suffered special damages in the form of medical expenses and loss of future income.

14.     The acts of the defendants as aforedescribed were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Jose Luis Irizarry Perez, thus entitling the plaintiff to an award of punitive damages against the individually named defendants.

15.     If Plaintiff prevail, they are entitled to an award of attorney fees pursuant to 42 US.C. section 1988.

**WHEREFORE**, Plaintiff prays for judgment against the officers, jointly and severally, for compensatory damages in an amount not less than 1 million dollars, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT II

### CONSPIRACY TO VIOLATE PLAINTIFFS' CIVIL RIGHTS BY THE OFFICERS

For the cause of action against the officers in Count II, the Plaintiff states:

16.     By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs one through fifteen of this Complaint as though fully set forth herein.

17.    The officers, acting in their individual capacities and under the color of the law, conspired together and with others, and reached a mutual understanding to undertake a course of conduct that violated Jose Luis Irizarry Perez' civil rights. In furtherance of this conspiracy, they committed the following overt acts:

    1.    The Defendants indiscriminately beat Jose Luis Irizarry Perez, and otherwise inflicted punishment upon him as aforedescribed.

    2.    The Defendants failed to intercede in the beating and unlawful death of Jose Luis Irizarry Perez as aforedescribed, though they had the opportunity to prevent such actions. Said failure to intercede is tantamount to tacit authorization and approval of the unlawful use of nightsticks and the excessive use of force.

    3.    The Defendants adhere to a code of silence whereby if asked about the incident the Defendants will lie about what occurred. Defendants refused to report the misconduct and unauthorized force used against Jose Luis Irizarry Perez as aforedescribed to the Internal Affairs Division or to other supervisory or command personnel within the Commonwealth.

18.    The officers shared the general conspiratorial objective which was to beat and abuse Jose Luis Irizarry Perez as aforedescribed.

19.    As a direct and proximate result of the conspiracy between the officers, as aforedescribed, Jose Luis Irizarry Perez was unreasonably seized in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and was deprived of his life and liberty and his due process rights which are secured under the

Fourteenth Amendment to the United States Constitution and protected by 42 U.S.C. section 1983.

20.    As a direct and proximate result of the Defendants' actions as aforedescribed, Jose Luis Irizarry Perez died. The brutal attack at the hands of law enforcement officers caused deep anguish and emotional distress on the plaintiff, since it not only deprived the Plaintiff of the father of her child, but also deprived the Plaintiff of her beloved companion, his affection and companionship. Jose Luis Irizarry Perez' relatives have also suffered from the loss of his affection and companionship. Additionally, the Plaintiff has suffered special damages in the form of medical expenses and the loss of future income.

21.    The acts of the defendants as aforedescribed were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Jose Luis, thus entitling him to an award of punitive damages against the individually named defendants.

22.    If the Plaintiff prevails, she is entitled to an award of attorney's fees pursuant to 42 US.C. section 1988.

**WHEREFORE**, the Plaintiff prays for judgment against the officers, jointly and severally, for compensatory damages in an amount not less than 1 million dollars, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

### COUNT III

### FAILURE TO INSTRUCT, SUPERVISE, CONTROL AND DISCIPLINE DIRECTED AGAINST THE MUNICIPALITY AND THE SUPERVISORS

For the cause of action against the Supervisors, in Count III, the Plaintiff states:

23.    By this reference, the Plaintiff incorporates each and every allegation and averment set forth in paragraphs one through twenty two of this Complaint as though fully set forth herein.

24.    There exist within the Puerto Rico Police Department policies or customs, practices and usages that are so pervasive that they constitute the policy of tthe Commonwealth, that caused the constitutional deprivations of the plaintiff as has been more fully set forth herein.

25.    The policies, customs, practices and usages that exist are:

1.    to beat citizens, without regard for the need for the use of force, or without regard for the legality of its use.

2.    to act individually and to conspire with others to prevent the truth about the transgressions of the other officer(s) from being known by lying or by failing to report such transgressions. This phenomenon is sometimes referred to as a code of silence.

3.    to fail to adequately and properly receive citizen complaints, thereafter investigate and thereafter discipline, re-train, or otherwise sanction and /or remedy the transgressions of their respective officers. This failure is manifested, in among other ways, by failure, on a continuing basis, of the Internal Affairs Division to invite and welcome complaints of citizens against officers to accurately categorize complaints and record them, to then fully and properly investigate complaints and to find violations of policy, the law or Constitution when the evidence supports it and to thereafter discipline, re-train or increase the supervision

of officers who are in violation. These failures are and have been ratified by the police department, and the supervisors.

4.      By failing to adopt and maintain an effective early warning system designed to identify repeatedly deviant officers and then act to address and correct deviance.

5.      By failing to adopt independent investigation and review of citizen complaints, relying instead on police officers employed by the same Commonwealth assigned to Internal Affairs when the Supervisors know or should know that relying on officers of their own police corps to investigate allegations of misconduct against brother and sister police officers is and has been ineffective at preventing and correcting misconduct and deviance.

6.      There exists in the Puerto Rico Police a pervasive culture - a custom and practice – of misconduct fostered by, among other factors, the failure of the Internal Affairs function aforedescribed, by the failure to adopt an anti-nepotism policy, and the officers can engage in misconduct with impunity.

26.      The supervisors are vested with the duty and authority to train, supervise, discipline and otherwise control the officers of their police corps. They have effectively abrogated the power to so train, supervise, discipline and control the officers of their police corps by failing to act in the face of numerous transgressions of which they knew or should have known. As the lawfully designated policymakers for their respective police corps, they have the power and responsibility to prevent the existence of policies

and practices as aforedescribed and have failed and refused to do so. Their failure to act in the face of constitutionally violative conduct as aforedescribed caused the constitutional deprivations suffered by Plaintiff's beloved companion and the father of her child, Jose Luis Irizarry Perez.

27.    The Supervisors were delegated the power and authority to control the conduct of the officers of the police corps by the Commonwealth and failed and refused to properly train, to control, to discipline and to otherwise control the conduct of the officers of the police corps.

28.    The Supervisors were the policymakers for their respective police corps and their failure to affirmatively act in the face of transgressions about which they know or should know, establishes the policy of their police corps to condone and otherwise tolerate constitutionally violative conduct in general and specifically the constitutionally violative conduct alleged in this complaint. Had they affirmatively acted to properly train the officers or to properly supervise or discipline the officers when they conducted themselves in constitutionally violative ways, the constitutional deprivation would not have occurred.

29.    The Supervisors are aware, or should be aware, of the practice of improperly using force or of using excessive force and of officers lying about the facts of incidents to cover and support the fellow officers and of the persistent failure and refusal of officers to report violations of the constitution and laws and when directly questioned about such violations, to lie about the incident, such practice being commonly known as a code of silence. Nevertheless, the Supervisors did nothing to prevent or stop the practices.

30.     In their failures, as aforedescribed, the Supervisors intentionally disregarded known facts or, alternatively, were deliberately indifferent to a risk of the constitutional violation of which they knew or should have known and their culpability caused the constitutional violations of Plaintiff's beloved companion and the father of her child, of Jose Luis Irizarry Perez.

31.     As a direct and proximate result of the policies, customs, practices and usages of the Supervisors, as aforedescribed, Plaintiff's sentimental companion, Jose Luis Irizarry Perez suffered a brutal attack at the hands of law enforcement officers that caused serious injuries to him. The eventual death of Jose Luis Irizarry Perez caused deep anguish and emotional distress on the plaintiff who had lost not only her beloved and affectionate companion, but the most important figure in the life of her unborn child  . Additionally, the Plaintiff has suffered special damages in the form of medical expenses and loss of future income.

32.     If the Plaintiff prevails, she is entitled to an award of attorney's fees pursuant to 42 US.C. section 1988.

WHEREFORE, the Plaintiff prays for judgment against the Supervisors, jointly and severally, for compensatory damages in an amount not less than 1 million dollars, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT IV

## STATE LAW TORT CLAIMS

For the cause of action against all Defendants in Count IV, the Plaintiff states:

33.    By this reference, the Plaintiff incorporates each and every allegation and averment set forth in paragraphs one through thirty two of this Complaint as though fully set forth herein.

34.    The facts alleged above give rise to a state tort action. The defendants are therefore also liable to the plaintiff under 31 L.P.R.A. § 5141 for all the damages that their negligent actions have caused and continue to cause upon the plaintiff as aforedescribed.

35.    As a direct and proximate result of the negligent actions of the defendants as aforedescribed, Plaintiff's beloved companion and father of her child, Jose Luis Irizarry Perez suffered severe injuries and damages. The eventual death of José Luis Irizarry Perez not only caused deep anguish and emotional distress for the plaintiff, but also deprived the plaintiff of the father of her child as well as his affection and companionship. Additionally, the Plaintiff has suffered special damages in the form of medical expenses and loss of future income.

WHEREFORE, the Plaintiff prays for judgment against all Defendants, jointly and severally, for compensatory damages in an amount not less than 1 million dollars, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

### DEMAND FOR JURY TRIAL

36.    The Plaintiff demands trial by jury.

**I HEREBY CERTIFY** that on the 3rd day of November, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

**s/ Francisco J. Rivera-Bujosa**

FRANCISCO J. RIVERA-BUJOSA
Bar Number: 218912
Attorney for the Plaintiff
BUFETE RIVERA BUJOSA, PSC
P.O. Box 676
Mercedita, PR 00715-0676
Tel. (787) 844-5156
Fax (787) 841-5646
E-mail: riverabujosafj@yahoo.com