IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DIANA PACHECO-PACHECO, et al.,<br><br>**Plaintiff(s)**<br><br>v.<br><br>SUPERINTENDENT PEDRO TOLEDO, et al.,<br><br>**Defendant(s)** | **CIVIL NO.** 09-2121 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Before the Court is Defendants' Motion to Dismiss Plaintiffs' § 1983 Complaint for civil rights violations. (Docket No. 39). For the reasons set forth, the Court **GRANTS** in part and **DENIES** in part Defendant's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 4, 2008, several citizens were gathered near the neighbourhood of Colinas, in the Municipality of Yauco, celebrating the New Progressive Party's victory in the recent elections. In response to disturbance calls from neighbors in the area, several officers of the Puerto Rico Police (hereinafter "PRP") arrived at the scene to attempt to quell the loud and jubilant mass. Among the people celebrating in the area near Colinas was José Luis Irizarry Pérez (hereinafter "Irizarry").

Defendant Officer Ángel L. Torres Pérez approached Irizarry, assaulted him with his night stick and beat him repeatedly. Some of his fellow officers joined in the carnage, others stood by and watched. These officers are also Defendants in this case.

Irizarry sustained several blows to his head, face and thorax. He was pronounced dead on arrival at the Metropolitan Hospital in Yauco.

The Plaintiffs in this case are Diana Pacheco-Pacheco (hereinafter "Pacheco"), D.P. and J.D.. Pacheco was Irizarry's girlfriend at the time and the mother of his two children, D.P. and J.D. At the time of his death, Irizarry had not acknowledged being the father D.P., and J.D. was still within Pacheco's womb.

Plaintiff Pacheco claims damages suffered for several violations to Irizarry's civil rights and her own emotional damages under Puerto Rico tort law. Plaintiff's D.P. and J.D. claim their father's cause of action for civil rights violations, which they inherited upon his death, as well as their own tort damages under Puerto Rico law. D.P. and J.D., both underage are being represented by their mother in this action.

## STANDARD OF REVIEW

<u>Motion to Dismiss Standard of Review</u>

Pursuant to Fed.R.Civ.P. Rule 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. As courts of limited jurisdiction, federal courts have the duty of narrowly construing jurisdictional grants. See e.g., Alicea-Rivera v. SIMED, 12 F.Supp.2d 243, 245 (D.P.R. 1998). Since federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. See Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995); Diaz Serrano v. Caribbean Records Inc., 270 F.Supp.2d 217 (D.P.R. 2003).  When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as . . . depositions and exhibits." See Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). When federal jurisdiction is premised on the diversity statute, courts must determine whether complete diversity exists among all plaintiffs and all defendants. Casas Office Machines v. Mita Copystar America, Inc., 42 F.3d 668, 673 (1st Cir. 1994).

Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions. Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); Torres Maysonet v. Drillex, S.E., 229 F.Supp.2d 105, 107 (D.P.R. 2002). Under Rule 12 (b)(6), dismissal is proper "only if it clearly appears, according to the facts alleged, that the plaintiff

cannot recover on any viable theory." Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45, 48 (1st Cir. 2000)(quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)). Under Rule 12(b)(1) dismissal would be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable.

## DISCUSSION

Defendants' sole argument for dismissal is that Plaintiffs lack standing. Regarding Plaintiff Pacheco, Defendants argue that she has no third party standing to bring suit for violations to Irizarry's rights. Regarding Plaintiffs D.P. and J. D., Defendants argue that they have no standing because their filial relationship to Irizarry has not been established.

"[T]he standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." Warth v. Seldin, 422 U.S. 490, 498-99 (1975), (quoting Baker v. Carr, 369 U.S. 186, 204 (1962)). In order to establish standing, a plaintiff must show that (1) he or she personally has suffered some actual or threatened injury as a result of the challenged conduct; (2) the injury can be fairly traced to that conduct; and (3) the injury likely will be redressed by a favorable decision from the court. Mangual v.

Rotger-Sabat, 317 F.3d 45, 56 (1st Cir. 2003); N.H. Right to Life v. Gardner, 99 F.3d 8, 13 (1st Cir. 1996). Regarding actions under 42 U.S.C. § 1983 specifically, this Court has held that to maintain an action under § 1983 a plaintiff can only allege that his or her own personal constitutional rights have been violated. Carmona Pacheco v. Betancourt y Lebron, 820 F. Supp. 45, 46 (D.P.R. 1993).

Plaintiff Pacheco has no standing under § 1983 to sue for violations to Irizarry's constitutional rights. She does not allege that her own personal civil rights have been violated. She only alleges violations to Irizarry's rights. Pacheco may have suffered dearly, but as far as her complaint shows, her constitutional rights seem to have gone unscathed. That is not to say that she has no cause of action for her own emotional damages. She may have a claim under Article 1802 of the Civil Code of Puerto Rico.[1]

Plaintiffs D.P. and J.D. have standing to sue on their father's behalf. D.P. and J.D. have inherited Irizarry's cause of action under § 1983. Cuebas v. Dávila, 618 F. Supp. 2d 124, 129 (D.P.R. 2009); Gotay Sánchez v. Pereira, 343 F. Supp. 2d 65, 70 (D.P.R. 2004); Rivera v. Medina, 963 F. Supp. 78, 84 (D.P.R. 1997). The issue of their filial relationship to Irizarry may certainly be important, if it can be disputed at all.

---

[1] 31 L.P.R.A. § 5141

Nonetheless, the Court will not conduct a trial on the issue of paternity through Rule 12 motion practice. Furthermore, the Court notes that in their Opposition to Defendant's Motion to Dismiss, Plaintiffs submitted a judgment from the Puerto Rico Court of First Instance wherein the issue of paternity was conclusively determined. (Docket No. 40). Upon considering a DNA paternity test in Puerto Rico Civil Case No. JFI-2009-0025, Judge Riefkohl found Irizarry to be the father of D.P. and J.D. and ordered that the minors be registered as such with the appropriate government agencies. That judgment alone is sufficient for this Court to hold likewise, that Irizarry is the children's father and that they have standing to bring forth this claim.

## CONCLUSION

The Court holds that Plaintiff Pacheco has no standing to sue for violations to Irizarry's civil rights. Therefore, her § 1983 claim is hereby dismissed. Plaintiff Pacheco does have standing to sue in tort for her own emotional damages under Article 1802 of the Puerto Rico Civil Code. Jurisdiction over Plaintiff Pacheco's state law claim is proper under supplemental jurisdiction. 28 U.S.C. § 1367(a).

The Court also holds that Plaintiffs D.P. and J.D. have standing to bring their father's § 1983 complaint for civil rights violations. Finally, D.P. and J.D.'s cause of action

under Puerto Rico tort law is also proper under supplemental jurisdiction. 28 U.S.C. § 1367.

For the reasons stated above, the Court hereby **GRANTS** in part and **DENIES** in part Defendant's Motion to Dismiss.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of January, 2011.

S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge