IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DIANA PACHECO-PACHECO, *et al.*,

    **Plaintiff(s)**

       **v.**

SUPERINTENDENT PEDRO TOLEDO, *et al.*,

    **Defendant(s)**

**CIVIL NO.** 09-2121 (JAG)

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Before the Court is Defendant Pedro Toledo's Motion to Dismiss. (Docket No. 44). For the reasons set forth, the Court **DENIES** Defendant's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 4, 2008, several citizens were gathered near the neighbourhood of Colinas, in the Municipality of Yauco, celebrating the New Progressive Party's victory in the recent elections. In response to disturbance calls from neighbors in the area, several officers of the Puerto Rico Police (hereinafter "PRP") arrived at the scene to attempt to quell the loud and jubilant mass. Among the people celebrating in the area near Colinas was José Luis Irizarry Pérez (hereinafter "Irizarry").

Civil No. 09-2121 (JAG)

Defendant Officer Ángel L. Torres Pérez approached Irizarry, assaulted him with his night stick and beat him repeatedly. Irizarry sustained several blows to his head, face and thorax and was later pronounced dead on arrival at the Metropolitan Hospital in Yauco. Some of Officer Torres's fellow officers joined in the carnage; others stood by and watched.

Plaintiffs then filed suit against these officers, alleging *inter alia* several violations of the Civil Rights Act, 42 U.S.C. § 1983. In their complaint, Plaintiffs also included Superintendent Pedro Toledo ("Toledo") under the theory that, as their supervisor, Defendant should liable for his subordinates' actions. Toledo now moves the Court to dismiss the complaint under Rule 12(b)(6), averring that the same fails to state a cognizable claim of supervisory liability under § 1983.


## STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). To survive a motion under Rule 12(b)(6), the complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); see also <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

Civil No. 09-2121 (JAG)

In Ocasio-Hernández v. Fortuño Burset, 640 F.3d 1 (1st Cir. 2011), the First Circuit distilled from Twombly and Iqbal a two-pronged test designed to measure the sufficiency of a complaint. First, the reviewing court must identify and disregard "statements in the complaint that merely offer legal conclusions couched as fact, or threadbare recitals of the elements of a cause of action." Ocasio-Hernández, 640 F.3d at 12 (internal punctuation omitted). In this analysis, the remaining non-conclusory factual allegations must be taken as true, even if they are "seemingly incredible," or that "actual proof of those facts is improbable." *Id.* Secondly, the court must assess whether the facts taken as a whole "state a plausible, not merely a conceivable, case for relief." *Id.*

In conducting this test, a court must not attempt to forecast the likelihood of success even if recovery is remote and unlikely. Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 129 S. Ct. at 1950) (other citations omitted). Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the Court to draw from the facts alleged in the complaint." Id. at 13.

## DISCUSSION

The Civil Rights Act provides a cause of action for when an individual, acting under the color of state law, deprives a

—

Civil No. 09-2121 (JAG)

person of rights guaranteed by federal law. 42 U.S.C. § 1983. It is well-settled that § 1983 supervisory liability may not be based on *respondeat superior*, Ayala-Rodriguez v. Rullan, 511 F.3d 232 (1st Cir. 2007) (*citing* Rizzo v. Goode, 423 U.S. 362, 375-77 (1977)); rather, it can only be grounded on the supervisor's *own* acts or omissions. Diaz v. Martinez, 112 F.3d 1, 4 (1st Cir. 1997).

However, supervisory liability is not circumscribed to situations in which the supervisor is a primary, or direct, participant in the illegal incident. A plaintiff may also rest his claim on the fact that a state official "[supervised, trained, or hired] a subordinate with deliberate indifference toward the possibility that deficient performance of the task" could result in a civil rights violation. Camilo-Robles v. Zapata, 175 F.3d 41, 44 (1st Cir. 1999). A supervisory official acts with deliberate indifference when 1) there exists a grave risk of harm; 2) the official has actual or constructive knowledge of that risk; and 3) the official fails to take easily available measures to address that risk. Camilo-Robles v. Hoyos, 151 F.3d 1, 7 (1st Cir. 1998). Put differently, it is sufficient that the supervisor "has created or overlooked a clear risk of future unlawful action by a lower-echelon actor over whom he had some degree of control." Camilo-Robles v. Zapata, 175 F.3d at 44. Finally, the claimant must also "affirmatively link" the

Civil No. 09-2121 (JAG)

supervisor's conduct to the subordinate's illegal act or omission. *Id.* This causality requirement "need not take the form of knowing sanction, but may include tacit approval of, acquiescence in, or purposeful disregard of, rights-violating conduct." Camilo-Robles v. Hoyos, 151 F.3d at 7.

After pruning the complaint at hand of boilerplate language and legal conclusions, a plausible claim of supervisory liability emerges. In general terms, it is alleged that Defendant Toledo failed to properly train and discipline the police officers under his command. This, according to Plaintiffs, made possible the situation that led to Mr. Irizarry's death. To start with, the complaint establishes that Toledo and other supervisors are "vested with the authority to train, supervise, discipline and otherwise control" their subordinates. (Docket No. 25, p.11). Additionally, the complaint states that they were "were the policymakers for their respective police corps." *Id*. Certainly, it is reasonable to infer that Toledo and the other supervisors were in a position to address and correct behavioral issues with their subordinates.

The complaint contains several allegations that, when taken as true and together, allow for an inference that Toledo "created or overlooked a clear risk of future unlawful action" by his subordinates. Camilo-Robles v. Zapata, 175 F.3d at 44.

Civil No. 09-2121 (JAG)

First, that the supervisors were aware of the persistent and widespread use of excessive force by officers under their command. (Docket No. 25, p.12). The supervisors also knew that police officers hid behind a "code of silence"[1] when questioned about any of these incidents. *Id.* at p.12. The Internal Affairs Division, upon a policy set by the supervisors, continually failed to investigate and act upon complaints made by citizens in a suitable manner. *Id.* at p.10. Finally, the complaint contends that nothing was done by the supervisors to correct these problems. *Id.* These failures "are and have been ratified by the police department, and the supervisors." *Id.*

It is unclear whether any of the officers involved in the homicide of Mr. Irizarry-Perez actually had a history of misconduct.[2] However, this Court is mindful that "[s]pecific facts are not necessary; the statements need only 'give the defendants fair notice of what the claim … is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89 (2007).

---

[1] By "code of silence," plaintiffs refer to the persistent refusal of officers to report violations of law perpetrated by their fellow officers, and of a refusal to cooperate with investigations into the aforementioned violations.

[2] In their opposition, Plaintiffs aver that the complaint includes allegations to the effect that "Defendants should have reviewed the police officers' files and subjected them to psychological evaluations before hiring them, as they had a past history of citizen complaints and a propensity toward the use of excessive force." (Docket No. 47, p.5). Plaintiffs do not provide a citation for, nor can the court find, this language. Fortunately for Plaintiffs, the Court still finds sufficient grounds to deny Defendant's motion.

Civil No. 09-2121 (JAG)

The complaint does set forth that the supervisors failed to act "in the face of numerous transgressions of which they knew or should have known." *Id.* A reasonable inference from the facts alleged in the complaint is that Defendant simply ignored prior incidents of misbehavior by his subordinates. In sum, the dire picture painted by the complaint –that of rampant misconduct by police officers, and of a systemic failure by Defendant and the police corps to address the use of excessive force– provides enough foothold for the Court to deny Defendant's motion.

At this juncture, the Court must refrain from estimating the probability that Plaintiffs will succeed on their claims. Ocasio-Hernández, 640 F.3d at 12. Plaintiffs' cause of action requires proof that the inadequate training was a policy or deliberate choice made by Toledo, and that there is a link between the deficient training and the constitutional violation. *See* Bowen v. City of Manchester, 966 F.2d 13, 18 (1st Cir. 1992). An isolated occurrence is not enough to satisfy this heavy burden. *Id.* Plaintiffs must also show that the alleged policies set forth by the supervisors were well-settled and widespread, and that Defendant did nothing to end these practices. *See* Elliott v. Cheshire County, 940 F.2d 7, 12 (1st Cir. 1991). The Court finds, however, that Plaintiffs' complaint goes beyond merely "parroting" the standard of supervisory liability under §

8

Civil No. 09-2121 (JAG)

1983. <u>Sanchez  v.  Pereira-Castillo</u>,  590  F.3d  31,  49  (1st  Cir.

2009). As such, Defendant's motion must be denied.


**CONCLUSION**

In light of the above, Defendant's motion to dismiss is
denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of November, 2011.


<u>S/Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge